ROSEN v. BOOTH.

1. MORTGAGES—FORECLOSURE—DEED AS MORTGAGE.
   In a suit for the foreclosure of a mortgage, the finding of the court below that a deed, absolute upon its face, was given by defendants as security for the faithful performance of five different construction contracts with plaintiffs, *held*, justified by the record.

2. SAME—INCONSISTENT CLAIMS.
   The argument of defendant's counsel that the deed was never a mortgage does not appeal to the court after counsel's previous argument that the deed was given to plaintiffs to secure them in the raising of money to enable defendant to construct his own house.

3. SAME—FRAUD NOT ESTABLISHED.
   Where defendant wife signed the deed with the understanding, received from defendant husband, that it was given as security, and there is no claim that plaintiffs misled or deceived her concerning it, the contention that, to apply the security to the contracts with plaintiffs is a fraud upon defendant wife, is without merit.

Appeal from Muskegon; Vanderwerp (John), J.

On right to foreclose deed intended as security for debt as an equitable mortgage, see note in 22 L. R. A. (N. S.) 572.

Submitted April 26, 1923.    (Docket No. 88.)    Decided October 1, 1923.

Bill by Harold Rosen and Leo Rosen, doing business as Rosen Brothers, against Eden W. Booth and others for the foreclosure of a mortgage.    From a decree for plaintiffs, defendants Booth appeal.    Affirmed.

*Carpenter & Jackson* (*Bunker & Rogoski*, of counsel), for plaintiffs.

*Willard J. Turner*, for appellants.

BIRD, J.    Defendant Eden W. Booth was a contractor and builder in the city of Muskegon.    In the year 1920 he entered into five different construction contracts with plaintiffs.    It appears to have been the understanding when the contracts were made that defendant should give a surety bond for the faithful performance of the contracts.    For some reason, which does not appear, he failed to secure the surety bond and soon thereafter executed a deed to a lot owned by himself and wife upon which he was erecting a house.    Defendant's wife, Helga, joined with her husband in the execution of this deed, and it was delivered to the plaintiffs.    A few days thereafter the plaintiffs, at defendant's request, executed a receipt for the conveyance and gave it to defendant Eden.    The receipt recited that it was given as

"a guaranty that said Booth will fulfill and complete all dwelling houses he is now erecting under contracts with and for said Rosen Brothers, and will deliver the same complete according to said contracts, free and clear of all liens and incumbrances whatsoever; and thereupon Rosen Brothers will convey said property back to said Booth, or to whomsoever he may designate, subject to a mortgage which said Rosen Brothers shall put on said property, it being the intent of said Rosen Brothers that all moneys derived from

said mortgage or from a mortgage and sale to any party said Booth may designate, shall be returned to Booth, but there shall be first deducted all expenses incident to the handling of the transaction, including a reasonable fee to Rosen Brothers for their services."

The deed was at first recorded as a deed, but upon advice of counsel that the deed was in effect a mortgage, the plaintiffs caused the deed to be recorded as a mortgage. The work under the contracts began and proceeded for a time, but was finally abandoned by defendant. Plaintiffs took up the work and went forward with it and finished the houses at a cost, as the court found, of $6,509.14. Plaintiffs treated the deed from defendants as a mortgage and filed this bill to foreclose the same. Decree of foreclosure passed and defendants appeal.

1. Defendants, on the hearing, denied that the deed was given as a security for the faithful performance of the five contracts with plaintiffs, but insisted that it was given for the purpose of enabling plaintiffs to raise money to assist defendant in constructing his own house. The trial court found that the deed absolute in form should be construed as a mortgage, and that it was given to plaintiffs to secure the faithful performance of the five contracts which they made with defendant. A consideration of the whole record leads us to agree with this conclusion. The testimony is quite convincing that the mortgage was executed for that purpose. Soon after the deed was executed and delivered plaintiffs gave defendant a receipt, at his request, which recited that the deed was given as a security. Defendant carried the receipt home and later he and his wife read it over. They retained the receipt and made no objections to its recitals. Defendant also admits that he attempted to get a surety bond for the same purpose. This indicates that there was some arrangement made when

the contracts were executed that he should furnish security. That defendant understood that he had given the deed as security is further evidenced by what he said to Cornelius Brower, who came to him to collect a bill owing to the Towner Hardware Company:

"The best thing you can do is to put a lien on everything because I have given Rosen Brothers a deed for security so that they are well secured to pay you."

Later defendant gave to Panyard & Company an order on plaintiffs to pay a bill he was owing, and the order in part was in the following form:

"for which we gave you a trust deed and retain the amount from whatever sum shall be found owing us on an adjustment of our accounts under the trust deed."

We think the testimony conclusively shows that the deed was given as a security. Both plaintiffs and defendant testified that it was, but plaintiffs say it was given to secure their contracts. The defendant says that it was given to raise money to assist him in building his own house. The other testimony in corroboration of plaintiffs' claim is very clear and convincing and leads us to agree with the trial court that the deed was given as a security for the faithful performance of the contracts with plaintiffs. Defendant's counsel further argues that the deed was never a mortgage and that "once a deed always a deed." It is sufficient to say of this argument that it does not appeal to us after counsel's previous argument that the deed was given to plaintiffs to secure them in the raising of money to enable defendant to construct his own house.

2. The further argument is made by counsel that to apply the security to the contracts with plaintiffs is a fraud upon defendant's wife, as she signed the deed

with the understanding with her husband that the security should be applied to raising money to construct their own house.     Her testimony, as appears in the record, does not impress us that she had any very definite understanding concerning the matter.     What understanding she did have she received from her husband.     There is no claim that plaintiffs misled or deceived her, or that they had any conversation with her concerning it.     Mrs. Booth knew that the conveyance was made to plaintiffs as security.     She executed and acknowledged it, and it barred her interest in the premises to the extent of plaintiffs' claim.

The decree of the trial court will be affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.